IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **TONY MITCHELL,** | : | **HABEAS CORPUS** |
| Petitioner, | : | **28 U.S.C. § 2241** |
| | : | |
| v. | : | |
| | : | |
| **SHERIFF THEODORE** | : | **CIVIL ACTION NO.** |
| **JACKSON,** Respondent. | : | **1:13-CV-0154-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Petitioner, Tony Mitchell, currently detained in the Fulton County Jail in Atlanta, Georgia, challenges the constitutionality of his pre-trial detention on charges of felony murder and aggravated assault. [Doc. 1 at 6, 8.] The Clerk of Court is **DIRECTED** to adjust the docket to show that this is a federal habeas corpus petition under 28 U.S.C. § 2241. The matter is before the Court on the Petition, [Doc. 1], and Respondent's answer-response, [Doc. 4].

**I.   Discussion**

On May 30, 2012 – in case number 12cp127775, book-in number 1218404, and agency case number 111670741 – the Fulton County Superior Court found probable cause on charges against Petitioner for felony murder and aggravated assault based on the June 11 or 12, 2011, death of the victim, Randy Lewis. [Doc. 4, Exs. 3, 7.] The

charge of malice murder was dismissed because the state was not pursing that charge at the time. [*Id.*] In January 2013, the Fulton County Grand Jury indicted Petitioner for murder, felony murder, aggravated assault, and theft by taking. [*Id.*, Ex. 2.] The case, 13SC116321, is now pending trial in the Fulton County Superior Court. [*Id.*, Ex. 1.]

Petitioner contends that he is being kept in jail although the pending charges against him for felony murder and aggravated assault in "12cr12775" were dismissed on November 19, 2012. [Doc. 1 at 8.] Respondent asserts that the charges remain pending and that this action must be dismissed because Petitioner has not exhausted his available state remedies. [Doc. 4.]

The general habeas statute dictates that a prisoner is entitled to habeas relief if "[h]e is in custody in violation of the Constitution or laws . . . of the United States," 28 U.S.C. § 2241(c)(3), and, in certain circumstances, allows the granting of habeas corpus relief to state pretrial detainees, *see Tooten v. Shevin*, 493 F.2d 173, 176 (5th Cir. 1974) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973)). A federal habeas petitioner, however, first must exhaust his or her available state-court remedies. *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (stating that the exhaustion "requirement applies to all habeas corpus actions").

Generally, a challenge to state criminal charges must be litigated (exhausted) by allowing the case to go to trial and through the state appellate process. *Tooten*, 493 F.2d at 175-76.

Petitioner's challenge to the pending aggravated assault and felony murder charges is meritless because there is no indication that those charges have ever been dismissed. Further, any general contest of those charges remains unexhausted because such a challenge must be raised and exhausted at the state criminal trial and on appeal. Dismissal is warranted as Respondent has raised the affirmative defense of lack of exhaustion. *See Ali v. State of Florida*, 777 F.2d 1489, 1490 (11th Cir. 1985) (holding that when the petitioner has not exhausted available state remedies and the state asserts lack of exhaustion as a defense, dismissal is proper).

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED**.

II. **Certificate of Appealability ("COA")**

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because the decisive procedural issue, lack of exhaustion, is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of

4

Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

Accordingly,

It is **RECOMMENDED** that the petition and this action be **DISMISSED** without prejudice for lack of exhaustion and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 26th day of February, 2013.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)